UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62268-CIV-SINGHAL/VALLE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EMILIO MENDES DIAS CEREJO,

        Defendant.   /

**JOINT MOTION TO CONTINUE TRIAL
AND AMEND THE COURT'S SCHEDULING ORDER**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 7.1, the plaintiff, United States of America, and the defendant, Emilio Mendes Dias Cerejo, by and through their respective undersigned counsel, jointly move the Court to continue the trial of this matter and amend the Scheduling Order Setting Trial [DE 12] and Order Setting Trial and Pre-Trial Schedule, Requiring Mediation and Referring Certain Matters to Magistrate Judge [DE 20] (collectively, referred to herein as the "Scheduling Order").[1]  Continuance of the trial and amendment of the Court's Scheduling Order is necessary because the parties need additional time to complete discovery before they can file dispositive motions, participate in mediation or any other settlement discussions in a meaningful way, or prepare for trial.  Given the nature of the issues in this case and for the reasons described, below, amendment of the Scheduling Order, as proposed, is expected to conserve judicial resources and allow the litigation of this case to proceed in an efficient and cost effective manner.

---

[1]   Effective January 6, 2020, this case was reassigned from The Honorable Frederico A. Moreno, to The Honorable Raaj Singhal.  See DE 18; DE 19.

In support of this motion, the parties state the following:

**1.**	On September 11, 2019, the United States filed a complaint to recover certain unpaid civil penalties of approximately $3.1 million that were assessed against the defendant for willfully failing to report his interest in certain foreign financial accounts timely for the calendar years 2005, 2006, 2007 and 2008, as required by 31 U.S.C. § 5314 and its implementing regulations ("FBAR penalty"), plus interest, failure to pay penalties and other additional amounts, such as administrative costs, as provided by law, from the date of assessment until paid. See DE 1.

**2.**	On November 19, 2019, the defendant answered the complaint, *inter alia,* "denying any liability arising from any of the allegations asserted by the United States in the Complaint." See DE 11.

**3.**	On November 21, 2019 and January 22, 2020, the Court entered a Scheduling Order, including amendments thereto (*see* DE 12 and DE 20), setting forth, in pertinent part, the following deadlines in this case:

| | |
|---|---|
| In the unlikely event that experts are needed, disclosure of experts' names and their reports are required at least 30 days before the discovery deadline.<br>Deadline to complete all discovery (including expert discovery): | April 3, 2020 |
| Deadline for the filing of all motions for summary judgment: | April 17, 2020 |
| Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions): | June 5, 2020 |
| Mediation to be completed no later than: | June 5, 2020 |
| Plaintiff's witness and exhibit lists: | July 15, 2020 |
| Defendant's witness and exhibit lists: | July 17, 2020 |

| | |
|---|---|
| Pretrial stipulations to be filed by: | July 21, 2020 |
| Calendar call . . . .: | July 31, 2020 |
| Trial set for the two-week period commencing: | August 3, 2020 |

4. During the relevant periods, the defendant held interests in four foreign financial accounts. Three of the four accounts were held at Swiss banks (i.e., UBS AG ("UBS"), Banque Cantonale Vaudoise ("BCV"), Banque Pictet & Cie, SA ("Pictet"), and one account was held with a bank in Portugal, Caixa Geral De Depositos ("Caixa").

5. During the FBAR examination, the IRS received certain documents that UBS had produced pursuant to its deferred prosecution agreement with the United States ("UBS documents"). Although the UBS documents contain information regarding the defendant's foreign accounts at UBS and other foreign banks, the United States understands that UBS's document production may not have been complete, and therefore, UBS may have additional documents pertaining to the defendants' foreign accounts in its possession that need to be produced. See discussion, *infra*, at ¶¶ 9-11.

6. The undersigned counsel also has received certain documents that the United States received in connection with a non-prosecution agreement entered into between the United States and Prime Partners SA, a Switzerland-based asset management firm, that provided investment advisory and/or asset or investment management services to the defendant ("Prime Partners documents"). The Prime Partners documents contain information regarding the foreign financial accounts that are at issue in this case.

7. On February 21, 2020, the United States produced all non-privileged documents that are in its possession regarding the defendant's foreign financial accounts, along with a privilege

3

log.  Specifically, the United States produced:  *(a)* the IRS administrative files pertaining to the civil penalties assessed against the defendant for failing to file timely FBARs for 2005 through 2008, bearing Bates-stamped Nos. IRS000001 through IRS001703; and *(b)* the Prime Partners documents, bearing Bates-stamped Nos. PP000001 through PP000700.  The IRS administrative files include the UBS documents referred to in paragraph 5, above.

**8.** On February 21, 2020, the United States also served interrogatories and requests for production of documents on the defendant, and defendant's responses to those discovery requests are due on or before March 22, 2020.

**9.** In the requests for the production of documents referred to in paragraph 8, above, the United States requested, *inter alia*, that the defendant produce all documents evidencing, pertaining or relating to his financial or beneficial interest in, or ownership, signature authority, whether directly or indirectly, or other authority over, any foreign accounts established or maintained at UBS, BCV, Pictet and Caixa during the relevant periods in this case, including any documents that are in the possession of the defendant's agents (e.g., the foreign bank, tax preparer, accountant, representative, broker, financial advisor, asset or investment manager).

**10.** With respect to the request referred to in paragraph 9, above, the United States advised the defendant that to the extent that he must obtain any documents responsive to the requests from UBS, BCV and Pictet directly and would prefer that those Swiss banks produce the documents to the United States directly, counsel for those banks require that he execute a waiver, releasing the banks from Swiss bank secrecy laws and any other banking confidentiality and related obligations.  For defendant's convenience, we provided him with the waivers that UBS, BCV and Pictet require in order that they can produce the documents to the U.S. Department of Justice, Tax Division directly.  The United States also advised the defendant that he could send his executed

waivers directly to the banks' counsel, or alternatively, he may return the executed waivers to the undersigned counsel for transmittal to the banks' counsel.  The United States further advised the defendant that if the Swiss banks produced the documents to the United States directly, it would produce scanned copies to him upon receipt of the documents from the Swiss banks.

**11.**    Based on the Tax Division's experience in other cases, the Swiss banks normally produce the requested documents within 20 to 30 days of receiving the accountholder's executed waiver.  In some cases, however, the Swiss banks' productions have taken longer, and could take up to three to six months.

**12.**    Additionally, the UBS and Prime Partners documents include a number of documents in French that must be translated into English.  Further, the United States expects that it is highly likely that some of the documents that the defendant and the Swiss banks produce in response to the government's discovery requests will need to be translated into English.

**13.**    During the FBAR examination, the defendant contended that his use of TurboTax to prepare his income tax returns (Forms 1040) and/or compute his income tax liabilities for 2005 through 2008 precludes a finding that he willfully failed to file timely FBARs for those years (the "'TurboTax'" defense).  As a consequence, the United States has requested that the defendant produce:

> All documents evidencing, pertaining or relating to [his] use of TurboTax to prepare his income tax returns (Forms 1040) and/or compute his income tax liabilities for 2005 through 2008, including but not limited to the software version(s) that he used, instructions, oral and written communications with TurboTax, print-outs or other documents evidencing inputs and outputs regarding his use of the software, and the defendant's electronically stored information ("ESI") evidencing, pertaining or relating to his use of the software for 2005 through 2008, *with the ESI being produced in native and image format with data file.*

United States of America's First Request for the Production of Documents Directed to Defendant, Emilio Mendes Dias Cerejo, served on February 21, 2020, at Request for Production No. 13.

14. If the defendant intends on asserting his "TurboTax" defense, the United States intends on deposing a Rule 30(b)(6) representative from Intuit, Inc., the company that develops and sells the TurboTax software. Upon receipt of the defendant's responses to the United States' discovery requests on or before March 22, 2010, the United States should know whether the defendant will continue to assert his "TurboTax" defense, and therefore, whether a deposition of a Rule 30(b)(6) representative designated by Intuit, Inc. will be necessary.

15. Because the documents pertaining to the defendant's foreign financial accounts and his "TurboTax" defense are essential in evaluating the claims and defenses in this FBAR case, the parties would prefer to obtain the documents before they take any depositions in the case. The parties also believe that retrieval of the documents is necessary before they can participate in meaningful settlement discussions.

16. At this time, the parties are scheduled to participate in a mediation conference with the mediator, David H. Lichter, Esq., on May 6, 2020. See DE 16.

17. In view of the above and given the difficulties that the parties have encountered in retrieving the documents pertaining to the defendant's foreign financial accounts, the parties need additional time to conduct discovery, and they believe an extension of the deadline to complete mediation is warranted. Accordingly, the parties respectfully request that the Court continue the trial and amend its Scheduling Order to reflect the following proposed deadlines:

| | |
|---|---|
| In the unlikely event that experts are needed, disclosure of experts' names and their reports are required at least 30 days before the discovery deadline.<br><br>Deadline to complete all discovery (including expert discovery): | October 30, 2020 |

| | |
|---|---|
| Deadline for the filing of all motions for summary judgment: | November 20, 2020 |
| Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions): | January 15, 2021 |
| Mediation to be completed no later than: | January 15, 2021 |
| Plaintiff's witness and exhibit lists: | February 10, 2021 |
| Defendant's witness and exhibit lists: | February 12, 2021 |
| Pretrial stipulations to be filed by: | February 16, 2021 |
| Calendar call . . . .: | Court To Determine |
| Trial set for the two-week period commencing: | Court To Determine |

**18.**   The parties believe that continuance of the trial and amendment of the Court's Scheduling Order will allow them to litigate this case in an efficient and cost effective manner.

**19.**   No prior motions have been filed requesting a continuance of the trial and/or an amendment or modification of the Court's Scheduling Order.

For the above reasons and in the interests of judicial economy, the parties respectfully request that the Court grant their joint motion to continue the trial and amend the Court's Scheduling Order in the manner requested above. A proposed order is attached hereto and will be sent, via e-mail, to the Judge's Chambers.

Respectfully submitted this 16th day of March, 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Lynne M. Murphy                                                    /s/ Jeffrey A. Neiman     *(by consent)*
LYNNE M. MURPHY
Trial Attorney, Tax Division                                        Jeffrey A. Neiman
U.S. Department of Justice                                         Fla. Bar No. 544469
La. Bar No. 20465                                                        jneiman@mnrlawfirm.com
D.C. Bar No. 485928

P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5881
Facsimile: (202) 514-9868
E-mail: lynne.m.murphy@usdoj.gov

OF COUNSEL:

ARIANA FAJARDO ORSHAN
United States Attorney

Derick Vollrath
Fla. Bar No. 126740
dvollrath@mnrlawfirm.com

**MARCUS NEIMAN RASHBAUM
& PINEIRO LLP**

100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
Telephone: (954) 462-1200